UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| [1] DONNIE MADEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-00247-RAW |
| | ) | |
| [2] FARMERS INSURANCE COMPANY, INC., | ) | Muskogee County Case No. CJ-2015-208 |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

**COMES NOW** the Defendant, Farmers Insurance Company, Inc. ("Farmers"), and hereby removes this action from the District Court of Muskogee County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1441, *et seq.*

1. On June 15, 2015, Plaintiff filed his Petition in the District Court of Muskogee County, Oklahoma, captioned *Donnie Madewell vs. Farmers Insurance Company, Inc.*, Case No. CJ-2015-208.

2. The Summons and Petition were served upon the Oklahoma Insurance Commissioner on June 15, 2015. Pursuant to LCvR 81.2, copies of the original Petition, Summons and Docket Sheet are attached hereto as Exhibits 1, 2, and 3. No other pleadings, process, or orders have been served on Farmers.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

4. Plaintiff's Petition alleges that on November 8, 2013, he was involved in an automobile accident in which the damages he sustained exceeded the limits of the tortfeasor's policy. (See Petition, ¶¶ 3-6, Exhibit 1).

5. Plaintiff further alleges that at the time of the subject accident, he maintained an uninsured/underinsured ("UIM") motorist insurance policy with Farmers providing $100,000.00 in UIM benefits. (See Petition, ¶ 4, Exhibit 1).

6. Plaintiff's Petition further alleges that he caused the Defendant to be placed on notice of the claim against the underinsured motorist provision of his policy by certified mail. (See Petition, ¶ 8, Exhibit 1).

7. According to Plaintiff, Farmers alleged failure to tender the applicable UIM benefits was a breach of the applicable insurance contract and was a breach of the implied covenant of good faith and fair dealing. (See Petition, ¶¶ 9-10 & 22, Exhibit 1).

8. Plaintiff requests that he be awarded a verdict for breach of contract and for bad faith herein in an amount in excess of $10,000.00 but less than $75,000.00, punitive damages, attorney fees, costs and expenses and for all other and further relief which this Court may deem reasonable. (See Petition, ¶ 22, Exhibit 1).

**Complete Diversity Exists**

"'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute...'" *Razul vs. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen vs. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction. This Court has original jurisdiction over this case based on diversity jurisdiction.

Upon information and belief, Plaintiff is a resident and citizen of the State of Oklahoma. (See Petition, ¶1, Exhibit 1). Defendant is a foreign corporation, formed under the laws of the state of Kansas and authorized to do business in Oklahoma. For purposes of removal under 28

U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what a "principal place of business" is, the Supreme Court has unanimously held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. vs. Friend*, 130 S. Ct. 1181 (2010). Therefore, for removal purposes, Farmers was a citizen of the State of Kansas; Farmers was not a citizen of the State of Oklahoma. Therefore, the first prong for diversity jurisdiction is satisfied.

### The Amount In Controversy Exceeds That Required By 28 U.S.C. § 1332 For Diversity Jurisdiction.

Diversity jurisdiction requires the removing party to demonstrate the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. This requirement is also met.

In the present case, the Plaintiff has requested that he be rewarded "an amount in excess of $10,000.00 but less than $75,000.00, punitive damages, attorney fees, costs and expenses and for all other and further relief which this Court may deem reasonable." (See Petition, ¶ 22, Exhibit 1).

Courts have determined that a Plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan vs. Gay*, 471 F.3d 469, 477 (3d Cir. 2006). If a Plaintiff asserts his damages are less than those required for diversity jurisdiction, removal is proper if the Defendant can demonstrate Plaintiff's recovery could exceed the amount required for diversity. See *Coco-Cola Bottling of Emporia, Inc. vs. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002).

In the Tenth Circuit, when the Plaintiff's Petition does not explicitly set out the amount that the Plaintiff seeks to recover, the burden is on the Defendant to establish the jurisdictional prerequisite is satisfied. *McPhail vs. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "The

3

removing party must establish the amount in controversy by a preponderance of the evidence." *Id.* The Defendant "may rely on other documents, such as discovery requests, affidavits, or other 'summary-judgment type evidence' that may be in defendant's possession." *Garner vs. Equilon Pipeline Co.*, LLC, No. 08-CV-0777-CVE-FHM, 2009 WL 661399, at *4 (N.D. Okla. March 12, 2009) (citing *McPhail*, 529 F.3d at 956). This court has stated "[p]re-complaint settlement demand letters may be relied upon in proving the amount in controversy for jurisdictional purposes." *Maddox vs. Delta Airlines, Inc.*, No. 10-CV-00456-CVE-PJC, 2010 WL 3909228, at *3 (N.D. Okla. Sept. 29, 2010); see also *Archer vs. Kelly*, 271 F.Supp.2d 1320, 1324 (N.D. Okla. 2003) (stating "[t]he pre-suit written settlement demand in this matter gave defendants knowledge that the amount in controversy exceeded $75,000").

Plaintiff's Petition asserts he made a demand upon Farmers for the benefits he believes he was entitled to under the relevant UIM policy. (See Petition, ¶ 19, Exhibit 1). Plaintiff's Petition also asserts he seeks to recover for breach of contract and for bad faith herein in an amount in excess of $10,000.00. (See Petition, ¶ 22, Exhibit 1).

Plaintiff's Petition does not explicitly state he intends to seek greater than $75,000.00 from Farmers. Plaintiff's pre-suit demand, however, demonstrates he believes his breach of contract claim has a value in excess of $75,000.00. More specifically, Plaintiff's pre-suit demand sought the UIM policy limits of $100,000.00. (See Correspondence from Janet L. Bickel, Legal Assistant to Robert Locke, to Farmers Insurance, dated January 14, 2015, Exhibit 4, and Correspondence from Robert Locke to Farmers Insurance, dated March 4, 2015, Exhibit 5.) Additionally, on or about June 30, 2015, counsel for Farmers spoke with Plaintiff's counsel who advised that the actual damages plus the punitive damages sought by Plaintiff do exceed $75,000.00.

Nothing on the face of Plaintiff's Petition demonstrates that the matter could not involve the necessary amount for diversity jurisdiction. Plaintiff's pre-suit demand for policy limits placed at least $100,000.00 at controversy. Thus, Plaintiff's breach of contract claim alone establishes the requisite amount in controversy.

Further still, Plaintiff's request for punitive damages demonstrates more than $75,000.00 is at controversy in this matter. More specifically, Plaintiff alleges Farmers violated its duty to act in good faith and fair dealing, i.e., the tort of bad faith. (Plaintiff's Petition, ¶ 22, Exhibit 1). Under Oklahoma law, a Plaintiff may seek punitive damages for the tort of bad faith. *Christian vs. Am. Home Insurance Co.*, 1977 OK 141, ¶ 25, 577 P.2d 899, 904. When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists.

The Seventh Circuit has stated: [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Del Vecchio vs. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek vs. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); See also *Woodmen of World Life Ins. Society vs. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson vs. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. vs. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("if punitive damages are permitted under the controlling law, the demand for such damages may

be included in determining whether the jurisdictional amount is satisfied."); *Kahal vs. J. W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Ryan vs. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed).

In the present case, punitive damages have been alleged and are allowed by state law. Therefore, as stated in *Del Vecchio*, the question is whether "it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." 230 F.3d at 978 (internal quotations omitted). The answer to this question must be no.

In Oklahoma, punitive damages are controlled by statute. See 23 O.S. § 9.1. Oklahoma law has created two different categories of punitive damages in cases involving bad faith claims against insurance companies. Each category increases the amount a Plaintiff can potentially recover.

The first relevant category states that:

"B. Category I. Where the jury finds by clear and convincing evidence that:
2. An insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured; the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, may award punitive damages in an amount not to exceed the greater of:
a. One Hundred Thousand Dollars ($100,000.00), or
b. the amount of the actual damages awarded."
23 . § 9.1(B)(2)(a) & (b).

The second category provides:

"C. Category II. Where the jury finds by clear and convincing evidence that:
…

>    2.      An insurer has intentionally and with malice breached its duty to deal fairly and act in good faith with its insured; the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, may award punitive damages in an amount not to exceed the greatest of:
>
>    a.      Five Hundred Thousand Dollars ($500,000.00),
>
>    b.      twice the amount of actual damages awarded,…"
>
> 23 O.S. § 9.1(C)(2)(a) & (b).

Thus, the mere act of alleging punitive damages placed, at a minimum, $100,000.00 at controversy.

Based on the foregoing, Farmers has demonstrated to a preponderance of the evidence that Plaintiff seeks to recover in excess of $75,000.00. Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Eastern District of Oklahoma because this District includes Muskogee County, Oklahoma where this action is pending.

Pursuant to 28 U.S.C. § 1446(d), Farmers certifies that it will promptly give written notice of the filing of this Notice of Removal to all known counsel of record, and will likewise file a copy of this Notice of Removal with the District Court of Muskogee County, Oklahoma.

By filing this Notice of Removal, Farmers does not waive any defense that may be available to it, and any defenses related to proper service of the Petition.

**WHEREFORE**, Defendant, Farmers Insurance Company, Inc., hereby removes this matter from the District Court of Muskogee County, Oklahoma to the United States District Court for the Eastern District of Oklahoma.

**DATED**:     July 2, 2015.

7

          _/s/ F. Thomas Cordell_
F. Thomas Cordell, OBA #1912
FRAILEY, CHAFFIN, CORDELL, PERRYMAN, STERKEL, MCCALLA & BROWN LLP
**Attorney for Defendant, Farmers Insurance Company, Inc.**
201 North 4th Street
P.O. Box 533
Chickasha, OK 73023
Telephone: (405) 224-0237
Facsimile: (405) 222-2319
Email: tcordell@fccpsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Chad Locke
LOCKE LAW OFFICE
314 W. Broadway
P.O. Box 1468
Muskogee, OK 74402
lockelawoffice@yahoo.com
**Attorney for Plaintiff**


and further that a copy of said Notice of Removal was mailed for filing, via FedEx Overnight Mail, on the 2nd day of July, 2015 to:

Paula Sexton, Court Clerk
MUSKOGEE COUNTY
220 State Street
P.O. Box 1350
Muskogee, Oklahoma 74402

          _/s/ F. Thomas Cordell_
F. Thomas Cordell