# Exhibit 1

STATE OF OKLAHOMA
COUNTY OF MUSKOGEE
FILED

IN THE DISTRICT COURT IN AND FOR MUSKOGEE COUNTY
STATE OF OKLAHOMA

PAULA SEXTON
COURT CLERK

| | | |
|---|---|---|
| DONNIE MADEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CJ-2015- 708 |
| | ) | |
| FARMERS INSURANCE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Doren E. Hohl

JUN 1 5 2015

SERVICE OF PROCESS

## PETITION

COMES NOW, the Plaintiff, Donnie Madewell, by and through his attorneys of record,

Locke Law Office, and for his cause of action against the Defendant, does allege and state as

follows:

### Jurisdiction

1.     That the Plaintiff, Donnie Madewell, was and at all times relevant to the

proceedings alleged within this petition a resident of Muskogee County, Oklahoma.

2.     That the Defendant, Farmers Insurance Company, Inc., is an incorporation,

incorporated within the State of Kansas and doing business within the State of Oklahoma.

3.     That the allegations within this petition arise of out of a motor vehicle accident

which occurred within Muskogee County on November 8, 2013, in Muskogee County,

Oklahoma

### Count 1:  Breach of Contract

4.     That the Plaintiff herein had a policy of insurance with the Defendant, policy

number 18724-57-92, which provided Uninsured/Underinsured Motorist Provision coverage
in

1

the amount of $100,000.00.

5.      That at the time of the subject motor vehicle accident referenced herein, the Plaintiff's policy of insurance was in full force and effect, and the Plaintiff had made all premium payments on the same.

6.      That the damages sustained by the Plaintiff within the motor vehicle accident referenced herein exceeded the limits of the tort feasor's policy of insurance, thereby requiring the Defendant to deal fairly and in good faith with his insured regarding the payment of the Underinsured Motorist Benefits within the Plaintiff's policy of insurance.

7.      The Defendant was and is aware that Plaintiff's injuries exceeded the limits of the tort feasor's policy of insurance in that the Plaintiff provided the Defendant with a copy of the letter wherein the Defendant in the Plaintiff's claim against the tort feasor tendered the limits of his liability policy.

8.      The Plaintiff caused the Defendant to be placed on notice of the claim against the underinsured motorist provision of her policy by certified mail and such mail was received by the Defendant on January 15, 2015.

9.      The Defendant herein attempts to claim that the injuries and damages sustained by the Plaintiff are not sufficient to tender the limits of the Plaintiff's coverage provided pursuant to his policy of insurance with Defendant.

10.     The actions of the Defendant constitute breach of the contract of insurance herein between the Plaintiff and the Defendant.

### Count 2:  Bad Faith

11.     Plaintiff would re-allege and adopt all previous allegations made herein.

2

12. The Defendant had an implied duty to act in good faith and to deal fairly with the Plaintiff herein regarding his policy of insurance with the Defendant that provided Underinsured Motorist coverage.

13. Plaintiff, as stated above caused the Defendant to be placed on notice of their demand for the Underinsured Motorist coverage provided to the Plaintiff pursuant to her policy of insurance with the Defendant insurer on January 15, 2015.

14. The tort feasor offered the limits of their policy regarding the motor vehicle accident referenced herein on February 2, 2015, and the Defendant was appropriately notified of the same as evidence that the Plaintiff's claim does in fact exceed the limits of the tort feasor's policy.

15. After being notified of the fact that the tort feasor had tendered the limits of their policy of insurance thereby further proving that the Defendant had an obligation to pay the Underinsured Motorist coverage provided to the Plaintiff in his policy of insurance the Defendant refused to deal with the Plaintiff fairly in this regard.

16. The Defendant having received the Official Oklahoma Traffic Collision Report, the medical records and the itemized billing statements associated with those medical records requested in addition more itemized records from the emergency room visit of the Plaintiff immediately following the motor vehicle collision which was timely provided.

17. Plaintiff's demand to the Defendant was for the limits of the Underinsured Motorist coverage within his policy of insurance.  The Plaintiff further provided the Defendant herein with proof that the tort feasor had offered the limits of the liability policy in this matter on February 2, 2015.  In spite of the amount of medical incurred by the Plaintiff, the insured of

3

this Defendant, the Defendant still refuses to deal fairly and in good faith with the Plaintiff and initially offered only a portion of the Plaintiff's underinsured motorist provision, in the amount of $1,500.00.

18. The Defendant initially indicated that $1,500.00 is all that would be offered in this matter and that they were not negotiating about the same; however, on March 5, 2015, the Defendant herein tendered a check in the amount of $3,500.00 to the Plaintiff with a letter reflecting this amount is the top of their evaluation in this matter.

19. The Plaintiff has demanded the remainder of Underinsured Motorist coverage of the Plaintiff's policy of insurance with the Defendant.

20. Pursuant to Plaintiff's immediate notification to the Defendant that the check tendered was insufficient and would not be accepted as settlement for the underinsured motorist provision portion of the Plaintiff's policy of insurance, the Defendant once again, without discussion or negotiation submitted a check in the amount of $4,500.00 in an effort to settle this matter.

21. The Plaintiff and the tort feasor in the subject motor vehicle collision the Plaintiff was involved in are both insured by the Defendant named above.  It is believed that there has been collusion by and between Defendant insurance representative and Plaintiff insurance representatives regarding this case.

22. Such failures on the part of the Defendant described herein constitute a breach of their duty to act in good faith and to deal fairly with the Plaintiff, their insured.

WHEREFORE, premises considered the Plaintiff would respectfully request that he be awarded a verdict for breach of contract and for bad faith herein in an amount in excess of

4

$10,000.00 but less than $75000.00, punitive damages, attorney fees, costs and expenses and

for all other and further relief which this Court may deem reasonable.

Respectfully submitted,

Chad Locke, OBA #21268
Locke Law Office
314 W. Broadway
P.O. Box 1468
Muskogee, OK  74402

ATTORNEY LIEN REQUESTED

5